**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HUMBERTO GUTIERREZ TORRES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02804-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 4, 2026, Petitioner Humberto Gutierrez Torres filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner challenges his recent arrest and detention by ICE in Tennessee as violative of his Fifth Amendment rights and the Immigration and Nationality Act.  (Id. at PageID 10–11.)  He is a citizen of Mexico who entered the United States without inspection in 1996, briefly returned to Mexico in 2005, and returned to the United States without inspection in 2006.  (Id. at PageID 9.)  He has six children who are United States citizens and lives in Smyrna, Tennessee.  (Id. at PageID 8.)

Petitioner alleges that, at some unstated time, he was cited for "talking on the phone while driving and . . . driving without a license."  (Id. at PageID 2.)  While attending his court hearing on June 29, 2026, Petitioner was arrested by ICE agents and served with a Notice to

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Trinity Minter and Markwayne Mullin are dismissed from the case.

Appear ("NTA") charging him with having unlawfully entered the United States.  (Id.)  He remains detained at the West Tennessee detention facility.  (Id.)  He seeks immediate release or a bond hearing.  (Id. at PageID 11–12.)  To date, he has not served the Petition on Respondent.

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within five days of this Order, Petitioner shall serve one copy each of the Petition (ECF No. 1) and this Order (ECF No. 4) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street Suite 800
> Memphis, TN 38103

Additionally, if he has not done so already, Petitioner shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify denial of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)    Within **two business days** after Petitioner effectuates service as required above, Respondent shall respond to the Petition in writing.  If the basis of Gutierrez Torres' detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent opposes release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-

2

Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Petitioner may file a reply within **two business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 7th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE