**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HUMBERTO GUTIERREZ TORRES, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 2:26-cv-02804-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On July 4, 2026, Petitioner Humberto Gutierrez Torres filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner challenges his ongoing detention by Immigration and Customs Enforcement ("ICE") in Tennessee, during which he has not received a bond hearing, as violative of his Fifth Amendment rights and the Immigration and Nationality Act ("INA").  (Id. at PageID 10–11.)  Respondent responded in opposition on July 14 and concedes that "this case is covered by the Sixth Circuit's recent decision in" Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (ECF No. 6 at PageID 21.)  However, Respondent urges the Court to require Petitioner to exhaust administrative remedies.  (Id. at PageID 22.)  For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Gutierrez Torres is a citizen of Mexico who entered the United States without inspection in 1996, briefly returned to Mexico in 2005, and returned to the United States without inspection in 2006.  (Id. at PageID 9.)  He has six children who are United States citizens and lives in

Smyrna, Tennessee.  (Id. at PageID 8.)  His criminal history, according to him, consists of minor traffic violations.  (Id. at PageID 9.)

Petitioner alleges that, at some recent time, he was cited for "talking on the phone while driving and . . . driving without a license." (Id. at PageID 2.)  On June 29, 2026, while attending his court hearing at the Robertson County Courthouse in Springfield, Tennessee, Petitioner was arrested by ICE agents and served with a Notice to Appear ("NTA").  (Id.)  The NTA charged him with having unlawfully entered the United States.  (Id.)  He remains detained at the West Tennessee detention facility in Respondent Christopher Bullock's custody.  (Id.)

Petitioner filed the instant Petition on July 4, 2026, arguing that Respondent violated the INA and his due process rights by applying 8 U.S.C. § 1225(b)(2) to him instead of § 1226(a). (ECF No. 1 at PageID 10.)  The former statutory provision mandates detention without bond, whereas the latter allows bond for noncitizens.  He seeks immediate release or a bond hearing. (Id. at PageID 11–12.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 6 at PageID 21.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732.  But Respondent contends that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 6 at PageID 22.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."  (Id. at PageID 21.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

2

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); In re Yajure Hurtado, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner Gutierrez Torres from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

3

**IT IS SO ORDERED,** this 13th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE